Wilde J.
delivered the opinion of the Court. Upon the evidence produced at the trial the presiding judge was of opinion that this action could not be maintained, and recommended a nonsuit; and after hearing the arguments of counsel and fully considering the evidence, particularly the -plaintiff’s title deeds, we all concur in the same opinion.
The action is trespass on the case for throwing down the plaintiff’s troughs leading to his saw-mill for the purpose of working the same, and diverting thereby the water from the plaintiff’s mill.
It appeared in evidence, that the troughs in question extend ed up the stream about fifteen rods upon the land of Bristol, one of the defendants, who with the aid of the other defendants prostrated the same in manner and form as alleged in the writ; and the defendants contend that, they had a right so to do, because the troughs were erected unlawfully and without the consent of Bristol.. The question is, whether the troughs were unlawfully erected and maintained, or whether the plaintiff had acquired the right to conduct the water to his mill, in this manner, over the land of Bristol.
To maintain this right the counsel for the plaintiff rely on two deeds, under which he claims title from one Nathaniel Miller, the one given to the State of Connecticut, and the other to one Collins S. Miller. The defendant Bristol derived his title to the lot adjoining the lands conveyed by these deeds, and on which the troughs were erected, from the same Nathaniel Miller, by a subsequent deed. In the deed to the State of Connecticut, after a description of the land granted by metes and bounds, there is the following clause, viz. “ Also the mill yard, and all other appurtenances and privileges, roads and appendages belonging to said mill.” And in the deed to Collins S. Miller there is a clause in these words, namely, “ Also the saw-mill yard and dam, with the right of digging, damming and flowing for the accommodation of said sawmill.”
*560 Under one or the other of these clauses, the plaintiff claims th-5 right of erecting and maintaining his troughs at the place where they were afterwards erected; but we are of opinion that neither clause can be so construed as to convey such a right.
The plaintiff is entitled to all the privileges which wrere enjoyed, as appurtenant to the saw-mill, before and at the time of these grants, but the troughs were not erected until years after both grants ; and it does not appear that the place where the troughs wrere placed had ever been overflowed by the sawmill dam. The plaintiff had no right to conduct the water in a new place and in a new manner, over the defendant’s land, from any thing contained in either of the deeds under which he claims. If a man grants a way to another over his land, designating the course of it between certain termini, the grantee has no right to deviate from the course designated, although the way may become impassable by being overflowed, or otherwise. The same restrictive principle applies to the plaintiff’s claim ; though it would be otherwise, if the water had by natural means changed its course and found a new channel.
If the defendant Bristol suffered no actual damage by the continuance of the troughs on his land, still he had a right to remove them ; and if he had brought his action, instead of removing them, he would be entitled to recover without any proof of actual damages, for the law would presume damage. There is little doubt, however, that the erection of the troughs was to some extent injurious to the owner of the land, by obstructing his free passage to the stream with his cattle, and otherwise.
The erection and continuance of the troughs, without any objection by the owner of the land, will not aid the construe tion of the plaintiff’s grants. It is only where the words of a grant are doubtful, that such facts are to be considered in giving it a construction.[1]

Motion to set aside the nonsuit overruled.

 See Dyer v. Depui, 5 Wharton, 584; Dryden v. Jepherson, 18 Pick. 385